**Michael McCORMICK, Appellant,**

v.

**ATTORNEY GENERAL OF TEXAS and Denton County Appraisal District, Appellees.**

**No. 2–91–117–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 29, 1992.

William E. Trantham, Dallas, for appellant.

Law Offices of Earl Luna, P.C., and Randel B. Gibbs, Dallas, for appellees.

Dan Morales, Atty. Gen. of Texas, Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Deputy Atty. Gen., Harriet D. Burke, Asst. Atty. Gen., and Bill Kimbrough, Asst. Atty., for intervenor.

Before HILL, MEYERS and DAY, JJ.

## OPINION

HILL, Justice.

Michael McCormick appeals from a summary judgment granted in favor of the Denton County Appraisal District and Dan Morales, Attorney General of Texas, declaring that TEX.TAX CODE ANN. sec. 23.51 (Vernon 1982 & 1992 Supp.) is constitutional. McCormick contends in his sole point of error that section 23.51 of the Texas Tax Code is unconstitutional because it denies him the equal protection of the law.

We affirm because we agree with the trial court's holding that section 23.51 of the Tax Code is constitutional and does not violate McCormick's right to equal protection under the law.

McCormick apparently sought appraisal of certain land for tax year 1988 as "qualified open-space land" even though that land had not been devoted principally to agricultural use for five of the seven preceding years. Section 23.51 of the Texas Tax Code includes in its definition of "qualified open-space land" the requirement that the land be devoted principally to agricultural use, or to certain other uses not applicable here, for five of the preceding seven years. McCormick contends that the land in question was used for agricultural purposes as of January 1 of the tax year. He urges that the requirement regarding use of the land for agricultural purposes in prior years in order to receive the benefit of valuation based upon agricultural use violates his right to the equal protection of the law as guaranteed by both the Texas and United States Constitutions.

The only class that McCormick claims is discriminated against by section 23.51 is those who own land that is used

for agricultural purposes as of January 1 of the tax year but whose land has not been devoted principally to such use for five of the preceding seven years. Since such a classification is not an inherently suspect classification, it does not require strict judicial scrutiny. *See Alexander Ranch v. Central Appraisal Dist.,* 733 S.W.2d 303, 306 (Tex.App.—Eastland 1987, writ ref'd n.r.e.), *cert. denied,* 486 U.S. 1026, 108 S.Ct. 2005, 100 L.Ed.2d 236 (1988). Where no specific federal right besides equal protection is concerned, Texas law gives large leeway in distinguishing between classifications. *Id.* There is no violation of equal protection rights if the classification is neither capricious nor arbitrary and if it rests upon some reasonable consideration of difference or policy. *Id.; Allied Stores of Ohio v. Bowers,* 358 U.S. 522, 528, 79 S.Ct. 437, 441, 3 L.Ed.2d 480, 485 (1959).

■ The purpose of the open-space exemption in section 23.51 of the Tax Code is to preserve and benefit the family farm. *Alexander Ranch,* 733 S.W.2d at 307. The requirement that the land must have been principally devoted to agricultural use for five of the seven preceding years is to insure that the tax benefit is received only by those for whom it was intended, as opposed to someone who has just purchased the property and wants to make it temporarily agricultural so as to obtain the benefit. We hold that such a classification is not capricious or arbitrary, and that it rests upon a reasonable consideration of difference and policy.

McCormick relies on the case of *Wheeling Steel Corp. v. Glander,* 337 U.S. 562, 69 S.Ct. 1291, 93 L.Ed. 1544 (1949). In that case the United States Supreme Court held that the State of Ohio could not tax certain accounts receivable of nonresident corporations that had paid franchise taxes and had thereby been authorized to do business within the state, while exempting the same property of resident corporations. The Court found the taxation to be a violation to the nonresident corporations' right to equal protection under the law. In effect, the Court found no valid governmental pur-

pose to account for the difference in the taxation scheme. As we have noted, in this case we find that there is a rational basis for the difference of treatment between land of recent, as opposed to longer-term use. We overrule McCormick's sole point of error.

The judgment is affirmed.